UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DORETHA NICKLES | CIVIL ACTION |
| VERSUS | NO. 25-1956 |
| CHURCHILL DOWNS LOUISIANA HORSERACING COMPANY, LLC | SECTION R (1) |

**ORDER AND REASONS**

Before the Court is defendant Churchill Downs Louisiana Horseracing Company, LLC's motion for summary judgment.[1] Plaintiff Doretha Nickles opposes the motion.[2] For the following reasons, the Court grants the motion.

## I. BACKGROUND

This case arises out of an alleged slip-and-fall at the premises of defendant Churchill Downs Louisiana Horseracing Company, LLC ("Churchill Downs") in New Orleans, Louisiana.[3] On April 21, 2025, plaintiff Doretha Nickles fell on the sidewalk outside of defendant's facility and was injured.[4] It was raining at the time of the incident.[5]

---

1 R. Doc. 15.
2 R. Doc. 18.
3 R. Doc. 1-1 at 6–7.
4 *Id.* at 7.
5 *Id.*

On July 24, 2025, plaintiff brought a negligence action in the Civil District Court for the Parish of Orleans alleging, among other things, that her fall was caused by an unreasonably dangerous condition on defendant's premises.[6] Defendant timely removed the action.[7]

Defendant now moves for summary judgment, arguing that plaintiff has not produced sufficient evidence of defendant's negligence.[8] Plaintiff opposes the motion.[9] The Court considers the motion below.

## II. LEGAL STANDARD

Summary judgment is warranted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). The Court considers the evidence in the record without making credibility determinations or weighing the evidence. *Delta & Pine Land Co. v. Nationwide Agribusiness Ins.*, 530 F.3d 395, 398–99 (5th Cir. 2008). All reasonable inferences are drawn in favor of the nonmoving party. *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985). If the record could not lead a rational trier of fact to find for

6 *Id.*
7 R. Doc. 1.
8 R. Doc. 15.
9 R. Doc. 18.

the nonmoving party, there is no genuine dispute of material fact. *EEOC v. Simbaki, Ltd.*, 767 F.3d 475, 481 (5th Cir. 2014).

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim. *See Celotex*, 477 U.S. at 325. The burden then shifts to the nonmoving party, who must point to material admissible or capable of being made admissible that provides specific facts showing that a genuine issue exists. *See id.* at 324; Fed. R. Civ. P. 56(c)(1)(A), (c)(2)(B). The nonmovant may not rest upon the pleadings but must identify specific facts that establish a genuine issue for resolution. *See Celotex*, 477 U.S. at 324.

## III. DISCUSSION

Where, as here, jurisdiction is based on diversity, the Court applies the substantive law of the forum state. *Bayle v. Allstate Ins. Co.*, 615 F. 3d 350, 355 (5th Cir. 2010). Plaintiff claims a violation of Article 2317.1 of the Louisiana Civil Code.[10] Because Defendant is a merchant, the Merchant Liability Statute, La. Rev. Stat. 9:2800.6, applies to plaintiff's claim. *See*

---

10 R. Doc. 1-1 at 8.

*Guidry v. Murphy Oil USA, Inc.*, 2015 WL 5177569, at *4 (W.D. La. Sep. 3, 2015) ("Louisiana courts, as well as sister federal district courts interpreting Louisiana law, have held that La. R.S. 9:2800.6 governs a cause of action against merchants for a fall on the premises–to the exclusion of La. C. C. art. 2317.1").

La. Rev. Stat. 9:2800.6 provides that in a negligence claim against a merchant, the plaintiff must show:

> (1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.
> (2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.
> (3) The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care.

La Rev. Stat. 9:2800.6 requires that plaintiff prove that an unreasonably dangerous condition caused her fall.[11] If a "defective condition is open and obvious to all who encountered it, then the [condition] may not be unreasonably dangerous." *Broussard v. State ex rel. Office of State Bldgs.*, 113 So. 3d 175, 188 (La. 2013). "The open and obvious concept asks whether the complained of condition would be apparent to any reasonable

[11] Louisiana courts have held that La. C.C. art. 2317.1 also requires proof of an unreasonably dangerous condition. *See Farrell v. Circle K Stores*, 359 So. 3d 467, 473 (La. 2023).

person who might encounter it." *Farrell v. Circle K Stores, Inc.*, 359 So. 3d 467, 478 (La. 2023).

Defendant contends that plaintiff has no evidence identifying a hazardous condition that caused her to fall.[12] In response, plaintiff argues that evidence that she slipped on the sidewalk outside of the entrance to defendant's facility while it was raining is sufficient to create a material fact issue as to an unreasonably dangerous condition, precluding summary judgment.[13]

The Court finds that plaintiff's claim cannot survive summary judgment. She has failed to raise a genuine issue of fact as to whether an unreasonably dangerous condition existed, an essential element of her claim.

That the outdoor sidewalk was wet from rain was an open and obvious condition that was not unreasonably dangerous. *See, e.g.*, *Sarchet v. Dollar General Corp.*, 2025 WL 3766109, at *3 (W.D. La. Dec. 30, 2025) (granting summary judgment where plaintiff slipped on outdoor sidewalk during rain because "the wet concrete was an open and obvious hazard" and thus "not an unreasonably dangerous condition"); *Short v. RaceTrac Petroleum, Inc.*, 361 So. 3d 1051, 1060 (La. App. 1 Cir. 2023) (affirming grant of summary

---

12 R. Doc. 15-1 at 1.

13 R. Doc. 18 at 6

judgment because plaintiff "presented no evidence to substantiate that the cause of his fall was anything other than a surface wet from rain, *i.e.*, an open and obvious condition"). Plaintiff points to no other facts about the condition of the sidewalk that would make the wet condition nonobvious. Thus, plaintiff fails to create a material issue of fact on this essential element of her claim.

Plaintiff's arguments to the contrary do not change this result. She relies solely on cases involving the accumulation of rainwater indoors: *Flipping v. JWH Props., LLC*, 196 So. 3d 149 (La. App. 2 Cir. 2016), and *Kadlec v. Louisiana Tech Univ.*, 208 So. 3d 992 (La. App. 2 Cir. 2016), a materially different set of circumstances.[14] She also points to defendant's lack of a written policy providing a rainy-weather protocol and testimony that defendant's employees had discretion to place wet floor signs and mats inside the entrance to defendant's facility.[15] But plaintiff concedes that the absence of a written policy is insufficient to establish a breach of the duty of reasonable care.[16] *See* La. Rev. Stat. 9:2800.6(B)(3) ("In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care").

---

14 R. Doc. 18 at 9.
15 *Id.* at 12–13.
16 *Id.* at 10.

And that defendant took some precautions regarding rainwater accumulation *inside* of its facility does not suggest that obvious rainwater on the sidewalks *outside* of its facility amounted to an unreasonably dangerous condition. Thus, plaintiff's arguments fall far short of the mark and do not preclude summary judgment in defendant's favor.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS defendant's motion for summary judgment. Plaintiff's claim is DISMISSED WITH PREJUDICE.

New Orleans, Louisiana, this 26th day of August, 2026.

Sarah Vance

SARAH S. VANCE
UNITED STATES DISTRICT JUDGE